IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-03092-BNB

WALTER L. MOORE,

    Plaintiff,

v.

COMMERCE CITY POLICE DEPARTMENT,

    Defendant.

---

ORDER DIRECTING PLAINTIFF TO FILE AMENDED PRISONER COMPLAINT

---

    Plaintiff, Walter L. Moore, is a prisoner in the custody of the Colorado Department of Corrections who currently is incarcerated at the Fremont Correctional Facility in Cañon City, Colorado. Mr. Moore, acting *pro se*, initiated this action by filing a Prisoner Complaint pursuant to 42 U.S.C. §§ 1983, 1985, and 1986, alleging that his constitutional rights were violated when he was assaulted by a Commerce City police officer during his arrest on October 3, 2010.

    The Court must construe the complaint liberally because Mr. Moore is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Moore will be ordered to file an amended complaint.

    The Court has reviewed the complaint and finds that it is deficient. Mr. Moore may not sue the Commerce City Police Department, because it is not a separate entity from Adams County and, therefore, is not a person under § 1983. *See Stump v. Gates*,

777 F. Supp. 808, 814-16 (D. Colo. 1991), *aff'd*, 986 F.2d 1429 (10th Cir. Feb. 11, 1993) (Table case).  Any claims asserted against the police department must be considered as asserted against Adams County.  In addition, municipalities and municipal entities, such as Adams County, are not liable under § 1983 solely because their employees inflict injury on a plaintiff.  *Monell v. New York City Dep't of Social Servs.*, 436 U.S. 658, 694 (1978); *Hinton v. City of Elwood, Kan.*, 997 F.2d 774, 782 (10th Cir. 1993).  To establish liability, a plaintiff must show that a policy or custom exists and that there is a direct causal link between the policy or custom and the injury alleged.  *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385 (1989).  Mr. Moore cannot state a claim for relief under § 1983 against a municipality merely by pointing to isolated incidents.  *See Monell*, 436 U.S. at 694.

Mr. Moore also must assert personal participation by each named defendant.  *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976).  To establish personal participation, Mr. Moore must name and show how each named defendant caused a deprivation of his federal rights.  *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985).  There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise.  *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993).  A defendant may not be held liable on a theory of respondeat superior merely because of his or her supervisory position.  *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983).  A supervisor is only liable for constitutional violations that he or she causes.  *See Dodds v. Richardson*, 614 F.3d 1185, 1211 (10th Cir. 2010).

Mr. Moore may use fictitious names, such as "John or Jane Doe," if he does not know the real names of the individuals who allegedly violated his rights. However, if Mr. Moore uses fictitious names he must provide sufficient information about each defendant, such as a badge identification number and the date of the alleged assault, so that he or she can be identified for purposes of service. He also must supply the complete address for each named defendant, which he failed to do in the complaint.

Mr. Moore, therefore, will be directed to file an amended complaint that clarifies who he is suing and alleges specific facts that demonstrate how each named defendant personally participated in the asserted constitutional violation. In order for Mr. Moore to state a claim in federal court, his amended "complaint must explain what each defendant did to him [ ]; when the defendant did it; how the defendant's action harmed him [ ]; and, what specific legal right [he] believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).

Accordingly, it is

ORDERED that **within thirty days from the date of this order** Plaintiff, Walter L. Moore, file an amended prisoner complaint that complies with the directives of this order. It is

FURTHER ORDERED that Mr. Moore shall obtain the Court-approved Prisoner Complaint form (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov. It is

FURTHER ORDERED that Mr. Moore must supply the complete address for each named defendant. It is

FURTHER ORDERED that the amended complaint shall be titled "Amended

Prisoner Complaint," and shall be filed with the Clerk of the Court, United States District Court for the District of Colorado, Alfred A. Arraj United States Courthouse, 901 Nineteenth Street, A105, Denver, Colorado 80294.  It is

FURTHER ORDERED that if Mr. Moore fails to file an amended complaint as directed within the time allowed, the complaint and the action will be dismissed without further notice.

DATED at Denver, Colorado, this 20th day of January, 2012.

BY THE COURT:

*s/Craig B. Shaffer*
Craig B. Shaffer
United States Magistrate Judge